W. G. GREEN v. THE STATE.

No. 3731.  Decided May 20, 1908.

Adultery—Insufficiency of Evidence.

Where upon trial for adultery the evidence showed that the parties had become infatuated with each other, and that they wrote letters to each other·and were guilty of undue familiarity; but no act of sexual intercourse was proved the offense of habitual sexual intercourse as charged was not proved.

Appeal from the County Court of Comanche.  Tried below before the Hon. Edwin Dabley.

Appeal from a conviction of adultery based upon habitual carnal intercourse; penalty, a fine of $100.

The opinion states the case.

*Pete Helton* and *Geo. E. Smith,* for appellant.—On question of insufficiency of evidence: Sadler v. State, 52 Texas Crim. Rep., 439; 107 S. W. Rep., 352; Manuel v. State, 45 Texas Crim. Rep., 96; Kahn v. State, 38 S. W. Rep., 989; Collins v. State, 46 Texas Crim. Rep., 550; 80 S. W. Rep., 372; Hilton v. State, 41 Texas Crim. Rep., 141; 53 S. W. Rep., 114; Quinn v. State, 51 Texas Crim. Rep., 155; 101 S. W. Rep., 248.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with adultery with Ora Pannell.  The case is·one purely of circumstantial evidence, there being no act of intercourse shown.  Appellant seems to have been a minister of the gospel and lived a neighbor to Ora Pannell and her husband for several years, and was a frequent visitor at their home.  Sometimes these visits were made when the husband, Pannell, was away; sometimes about the place but not at the house.  That appellant as minister had baptized Mrs. Pannell and received her in the church.  That on one occasion defendant and Mrs. Pannell were seen by the witness, Mrs. Horner, at a tank near Pannel's house and not far from the home of the witness, where Mrs. Pannell was washing.  On this particular occasion Mrs. Horner saw Mrs. Pannell and appellant holding each other by the hand or arm.  That it is further shown that gun shot reports were heard in appellant's pasture by some of the witnesses on some occasions, and soon thereafter Mrs. Pannell would leave her house and go in the direction of the gun shot report, and it was an admitted fact by the defendant and Mrs. Pannell that they had become infatuated with each other, and that they wrote letters to each other, and on three or four occasions it was admitted appellant placed his arm about her shoulders and kissed her, but it was denied by Mrs.

Pannell and appellant that any criminal relation further than stated ever existed; that it was only a love affair, and that they had never at any time had sexual intercourse, nor had appellant ever suggested an idea of this sort to her unless it was on one occasion when he related to her a dream he had.   The testimony of appellant and Mrs. Pannell was not contradicted or sought to be denied or impeached by other evidence, and this is practically the case.   It might be stated further, however, that on several occasions appellant and Mrs. Pannell were at her home alone.

While these circumstances may be suspicious, yet they do not meet the requirement of our law that parties must have habitual intercourse with each other when charged with adultery and not living together. In order to sustain a conviction under a statutory definition of the offense, the ingredient of that offense must be proved sufficiently to authorize the jury to find a verdict of guilty.   This may be done by positive evidence or circumstantially, but the circumstances must be so cogent as to exclude every reasonable hypothesis except that of guilt. That the parties were infatuated with each other is an admitted fact in the case, but no witness saw them having intercourse, and they both deny this under oath.   If the case should be viewed theologically, the case might be sufficiently made out, for under the bible theory of adultery a man or woman who looks upon each other lustfully is guilty of adultery in his or her heart, but that it is not sufficient to meet our legal definition.   There must be in Texas something more than a lustful desire; there must be the act of sexual intercourse.   However spiritually or morally wrong it may be to lust after the woman in this case, appellant was not shown to have gone further, at least with sufficiently cogent evidence to justify the conviction.   There must be acts of intercourse.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*