W. C. ROBINSON V. THE STATE.

No. 3880.  Decided May 20, 1908.

**1.—Local Option—Former Conviction—Date.**

Where upon trial of a violation of the local option law the indictment charged the same date for selling to the same party, but the proof in the case showed that the same were different transactions, the plea of former conviction was properly overruled.

**2.—Same—Burden of Proof—Indictment.**

Where the contention is that the accused was tried for the same offense,

the issue cannot be reached by motion to quash the indictment, but must be set up under proper plea, and the burden of proof is upon the accused.

**3.—Same—Postponement.**

Where the application for postponement to procure the attendance of witnesses, did not show that their testimony was material or probably true the same was correctly overruled.

**4.—Same—One or More Sales—Time of Day.**

Where one or more sales are charged on the same day in a prosecution of a violation of the local option law, the State was properly permitted to show the time and hour of the day the prosecuting witness obtained the whisky from defendant.

**5.—Same—Sale.**

Where the court's definition of a sale comported with that laid down in former precedent, the same was sufficient.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $100 and sixty days imprisonment in the county jail.

The indictment in this case charges the defendant with selling on or about the 30th day of December, 1907, intoxicating liquor to one J. O. B. Smith. Appellant introduced a plea of former conviction, the indictment charging the same date for selling to the same party, but the proof in this case shows that the same were different transactions, and hence the plea was properly overruled. A matter of this kind would not be a basis for quashing the indictment, but the proof must show that appellant was convicted of the same offense. The burden of proof is upon him to so show.

There was no error in the court overruling the application for postponement to procure the attendance of witnesses, the application not showing that the witnesses' testimony would be material or probably true.

It was not error for the court to permit the prosecuting witness to state the time and hour of the day he secured the whisky from appellant. This is very necessary where one or more sales are charged on the same day.

Appellant further complains of the definition the court gave of his sale. There was no error in this as indicated in several opinions rendered by this court at the last sitting.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*