## M. E. CHAPMAN v. THE STATE.

### No. 8967. Delivered April 29, 1925.

**1.—Adultery—Evidence—Sufficiency Of.**

While it is nearly always necessary for the state to rely for a conviction for adultery upon circumstantial evidence, to prove the act of intercourse, yet this court has always *held* that mere evidence of opportunity and suggestive circumstances are not sufficient to overcome the presumption of innocence. Following Green v. State, 110 S.. W. 908 Childress v. State, 210 S. W. 193, Koger v. State, 165 S. W. 577.

**2.—Same—Evidence—Held Insufficient.**

. Under all of the facts and circumstances in this case, we do not find sufficient strength to lead to the dispassionate conclusion that the parties had sexual intercourse during the time that they are alleged to have lived together, and the cause must be reversed on account of the insufficiency of the evidence. Following Bradshaw v. State, 61 S. W. 713, Roswell v. State, 85 S. W. 1077.

Appeal from the County Court of Shackleford County. Tried below before the Hon. Richard Dyess, Judge.

Appeal from a conviction of adultery; penalty, a fine of $250.00.

The opinion states the case.

*L. H. Welch,* of Breckenridge, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the County Court of Shackleford County for the offense of adultery and his punishment assessed at a fine of $250.00. This offense was laid under that part of the statute which prohibits a married person from living with an unmarried person and having sexual intercourse while living together.

We do not deem it necessary to make a statement of the facts. It is sufficient to say that the State relied entirely on circumstantial evidence to show an act of intercourse.

' While the State is authorized, and in most cases compelled, to resort to this character of testimony to prove the act of intercourse in a case of adultery, yet this court has always held that mere evidence of opportunity and suggestive circumstances are not sufficient to overcome the presumption of innocence. Green v. State, 110 S. W. 908; Childress v. State, 210 S. W. 193; Koger v. State, 165 S. W. 577.

Under this rule, we do not believe that the circumstances are of sufficient strength to lead to the dispassionate conclusion that the parties had sexual intercourse during the time they are alleged to have lived together. Under all the circumstances in the case, we are also unable to say that the parties lived together in Shackelford county at the time alleged in the information. Bradshaw v. State, 61 S. W. 713; Roswell v. State, 85 S. W. 1077.

Appellant may be guilty as charged; but the facts in this case fail to impress us as showing guilt with that degree of certainty that the law requires, and hence it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.