CLIFFORD SLEET v. THE STATE.

No. 11623.   Delivered May 23, 1928.

The opinion states the case.

*Adams & McAlister* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Adultery is the offense, punishment fixed at a fine of one hundred dollars.

The state relied upon circumstantial evidence. The appellant resided at the home of Bertha Brown. He kept his car and his dog there. According to his testimony and that of Bertha Brown, he paid board at the rate of six dollars per week. There were several rooms in the house. It seems that the appellant had separated from his wife. Two officers went to the house at night and knocked upon the front door. According to their testimony, they heard some one get up out of the bed and walk on the floor. In a minute or two the appellant appeared at the door and admitted the officers. They went into the room from which he had come, and, according to their testimony, the pillows on the bed appeared to have been used and the bed gave the impression of having been occupied by two people. The wearing apparel in the room was that of a man. After the arrival of the officers and their entry into the house, Bertha Brown appeared, coming from another room. The officers examined the bed in her room and said that it had been but slightly used.

Jordan, a witness for the state, testified that he knew the parties and had been about the premises often; that he had seen nothing indecent in their conduct. When asked if he had ever seen them hugging or kissing, he said that they were too old for that.

The court instructed the jury upon the law of circumstantial evidence. There were exceptions to the court's charge, and special charges were requested and refused. It is not believed, however, that the evidence is sufficient to support the conviction. It has often been said that while cohabitation may be proved by circumstances, yet to support a conviction they must rise above the level of mere suspicion. On circumstances not materially different from those disclosed by the present record it has been held a number of times that the conviction should not be sustained. See Smelser v. State, 31 Tex. Crim. App. 96; Bradshaw v. State, 61 S. W. 713; Childress v. State, 210 S. W. 193, and cases collated on p. 194. See Branch's Ann. Tex. P. C., p. 601, Sec. 1059; Koger v. State, 165 S. W. 557; Green v. State, 110 S. W. 908; Chapman v. State, 100 Tex. Crim. Rep. 506; Johnson v. State, 99 Tex. Crim. Rep. 547.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*