## SLEET v. STATE.    (No. 11623.)

Court of Criminal Appeals of Texas.    May 23, 1928.

1. **Adultery** ⊛⟊14—**Evidence held not to support conviction for adultery.**

In prosecution for adultery, evidence *held* insufficient to support conviction.

2. **Adultery** ⊛⟊14—**In adultery prosecution, while cohabitation may be proved by circumstances, yet to support conviction there must be more than suspicion.**

In prosecution for adultery, while cohabitation may be proved by circumstances, yet to support conviction they must rise above level of mere suspicion.

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Clifford Sleet was convicted of adultery, and he appeals. Reversed and remanded.

Adams & McAlister, of Nacogdoches, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Adultery is the offense; punishment fixed at a fine of $100.

The state relied upon circumstantial evidence. The appellant resided at the home of Bertha Brown. He kept his car and his dog there. According to his testimony and that of Bertha Brown, he paid board at the rate of $6 per week. There were several rooms in the house. It seems that the appellant had separated from his wife. Two officers went to the house at night and knocked upon the front door. According to their testimony, they heard some one get up out of the bed and walk on the floor. In a minute or two the appellant appeared at the door and admitted the officers. They went into the room from which he had come, and according to their testimony, the pillows on the bed appeared to have been used and the bed gave the impression of having been occupied by two people. The wearing apparel in the room was that of a man. After the arrival of the officers and their entry into the house, Bertha Brown appeared, coming from another room. The officers examined the bed in her room and said that it had been but slightly used.

Jordan, a witness for the state, testified that he knew the parties and had been about the premises often; that he had seen nothing indecent in their conduct. When asked if he had ever seen them hugging or kissing, he said that they were too old for that.

[1, 2] The court instructed the jury upon the law of circumstantial evidence. There were exceptions to the court's charge and spe-

cial charges were requested and refused. It is not believed, however, that the evidence is sufficient to support the conviction. It has often been said that while cohabitation may be proved by circumstances, yet to support a conviction they must rise above the level of mere suspicion. On circumstances not materially different from those disclosed by the present record, it has been held a number of times that the conviction should not be sustained. See Smelser v. State, 31 Tex. 95; Bradshaw v. State (Tex. Cr. App.) 61 S. W. 713; Childress v. State, 85 Tex. Cr. R. 22, 25, 210 S. W. 193, and cases collated on page 194. See Branch's Ann. Tex. P. C., p. 601, § 1059; Koger v. State, 73 Tex. Cr. R. 448, 165 S. W. 557; Green v. State, 53 Tex. Cr. R. 540, 110 S. W. 908; Chapman v. State, 100 Tex. Cr. R. 506, 271 S. W. 907; Johnson v. State, 99 Tex. Cr. R. 547, 270 S. W. 1028.

The judgment is reversed and the cause remanded.