## D. T. GARBER V. THE STATE.

No. 22081. Delivered November 11, 1942.

The opinion states the case.

*James E. Anderson, Henry L. Ford,* and *Cleo G. Clayton, Jr.,* all of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 assessed by the County Court of Potter County.

It is charged in the information and complaint that D. T. Garber on about the 25th day of July, 1941, "did then and there issue, circulate, and cause and permit to be issued and circulated an illustrated circular and statement, misrepresenting the terms of a policy issued by said corporation, and did then and there issue, circulate, and cause and permit to be issued and circulated a misleading statement of the dividends and shares of surplus to be received on said policy, in this, to-wit: that said circular and statement sets out a 'guaranteed reduction' in a specific amount, contrary to the terms of said policy, which makes no guarantee of any specific amount; that said statement was misleading in this, that said defendant did then and there state that after the expiration of three years the dividends received upon said policy would be sufficient to make all payments, which said statement is not in accord with said policy; that said circular and statement states that 'In case of PERMANENT and TOTAL DISABILITY the company will pay,' which statement is misleading and contrary to the terms of said policy, in this, that recovery for permanent and total disability is by the terms of said policy limited to cases in which the insured 'suffers the irrevocable loss of both hands or of both feet or both eyes,' and in addition thereto certain other restrictions are made."

The Attorney General has filed a brief in this cause in which it is admitted that the foregoing charge is duplicitious but contends that inasmuch as the motion to quash is not specifically on such ground, the error has been waived. The objection set forth in the motion to quash was "because neither said complaint nor said information set forth a violation of law or an offense in that they do not set forth an offense in plain and intelligible words." Art. 1, Sec. 10 of the Constitution has been interpreted to mean that the indictment, or in this case the complaint and information, shall on its face give the accused the information on which he may prepare his defense. He is not required to look further than the charge itself, which must be brought in plain and intelligible terms. More than one misdemeanor may be charged in the one proceeding, but it must be so described as to each that it is capable of definite ascertainment as to the offenses charged. The difficulty with which the question has been treated in this case is the best illustration of its insufficiency. If the members of this court and the prosecution preparing the brief find a problem in determining whether or not the accused has been properly charged, it is a logical con-

clusion that one not a lawyer may not know the charge against him with that degree of certainty which the framers of the Constitution, both Federal and State, desire to guarantee to every citizen. It is not sufficient to say that he did know, but the inquiry is whether or not the charge in writing furnishes that information in plain and intelligible language. This, we think, has not been done in the case before us.

All other questions may be passed without consideration in view of this holding. The judgment of the trial court is reversed and the prosecution ordered dismissed.