CARL EDWARD ABSTON V. STATE.

No. 25,896. June 18, 1952.
Rehearing Denied October 15, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) December 17, 1952.

*Burks & McNeil,* by *Clifford W. Brown* and *Burton S. Burks,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The information of multiple counts, filed December 18, 1951, charged appellant (1) with selling whisky to C. E. Hahn in Lubbock County, a dry area, on or about December 6, 1951; (2) with having, prior to said sale, been convicted in Lubbock County of unlawfully possessing whisky for the purpose of sale in a dry area; (3) with selling whisky to C. E. Hahn on or about the 14th day of December, 1951, in Lubbock County; and (4) with possessing whisky for the purpose of sale in Lubbock County on or about the 14th day of December, 1951.

All counts were submitted to the jury. The alleged prior conviction was applied to the count (1) charging the sale on December 6, 1951. The jury returned three separate verdicts finding appellant guilty and assessing his punishment at a fine of $300 and confinement in jail for a period of sixty days in each instance. By their verdicts, the jury found appellant guilty of selling whisky to Hahn on or about December 6 and December 14, 1951, and of possessing whisky for the purpose of sale on December 14, 1951.

Hahn, an agent of the Texas Liquor Control Board, testified that on December 6, 1951, he bought from appellant four-fifths of a quart of whisky and that on December 14, 1951, he purchased from appellant four-fifths of a quart of whisky. Each transaction was consummated at the Kimbro Courts in Lubbock, where the witness was staying at the time. Upon making the last purchase, witness identified himself to appellant as an agent of the Texas Liquor Control Board and placed him under arrest. Appellant's wife was seated in an automobile in front of the tourist court. Upon witness inquiring if the automobile was his, appellant replied in the affirmative. Thereupon, witness searched the automobile and found in the glove compartment two pints of whisky.

Appellant did not testify.

In submitting the three separate offenses to the jury, the trial court did not restrict appellant's guilt to any specific date but authorized the jury to convict upon a finding that the offenses were committed "on or about" the dates alleged. Nor did the trial court in his charge otherwise identify the separate transactions shown by the testimony.

The state may prove that an offense was committed before, on, or after the date alleged in the information, so long as the date is anterior to the presentment of the information and not barred by limitation. Branch's P. C., Sec. 439.

Under that rule, here, proof would have sustained a conviction for each of the three offenses alleged—that is, proof of the sale on December 14, 1951, would have sustained a conviction under the count charging a sale on December 6, 1951; so also, proof of a sale on December 6, 1951, would have sustained a conviction under the count charging a sale on December 14, 1951; proof of either or both of the sales would have sustained a conviction under the count charging possession of the whisky for the purpose of sale. Meadors v. State, 101 Tex. Cr. R. 336, 275 S. W. 829.

Under these facts it is insisted that the trial court was under the duty to identify the three separate transactions before the jury and to so control the submission thereof before the jury as to require a specific finding upon each transaction.

Appellant reserved an exception to the charge of the court in failing to require a specific finding by the jury on the separate transactions showing the different sales of whisky.

This being a misdemeanor case, the appellant was also under the burden of requesting a charge upon the subject, which he did not do. The question sought to be here raised is therefore not before us.

We pass now to a discussion of the fourth count in the information, upon which the conviction for possessing whisky for the purpose of sale was predicated.

Having by the allegations of the information carved out of the transactions a showing of the two sales of whisky referred

to, the state could not, also, prosecute appellant for possessing that whisky for the purpose of sale. To sustain the count charging the unlawful possession of whisky for the purpose of sale, proof was of necessity limited to the evidence as to the finding of the two pints of whisky in appellant's car—which fact again demonstrated the necessity for the trial court to confine the jury's consideration to that transaction.

Both an exception to the charge and a requested charge were presented covering this matter. The trial court should have responded to the requested charge.

No reason appears why the jury's finding of guilt upon the counts charging a sale of whisky should not be sustained. It follows that the judgment of the trial court is affirmed as to those counts, but as to the conviction for the possessing of whisky for the purpose of sale the judgment is reversed and the cause remanded.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

We have carefully reviewed the record and know of no other legal method by which the case can be disposed of than was done in the original opinion herein.

We notice that the judgment herein provides for a total fine of $900.00 and punishment at 180 days' confinement in the county jail. Since the third count of the complaint and information has been reversed, we will correct the judgment and eliminate the period of punishment set forth in said count. The judgment is corrected to provide for a total fine of $600.00 and confinement in the county jail for 120 days.

As thus constituted, the judgment will be reformed and the motion for rehearing is overruled.