RUBEN PALMA V. STATE.

No. 26,671. December 2, 1953.

*Clay Coggins,* Roby, for appellant.

*James Pearson,* County Attorney, Sweetwater, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The information charged in one count the unlawful sale of whisky and beer to A. Clark, and in another count charged the unlawful sale of beer to R. M. Barber, each sale alleged to have been made on February 12, 1953, in Nolan County, a dry area.

There is no question but that the state was authorized to include in one information separate counts charging the appellant with separate and distinct misdemeanors. Gould v. State, 66 Tex. Cr. R. 421, 147 S. W. 247; Abston v. State, 158 Tex. Cr. R. 88, 253 S. W. 2d 41.

Appellant appears to recognize the correctness of the rule stated but insists that the two sales alleged in the information grew out of and were part of the same transaction and that he therefore has been convicted of two offenses out of a single transaction.

The facts will determine this question.

Clark and Barber were undercover agents of the Texas Liquor Control Board. In the performance of their duties in enforcing the Liquor Control Act, they drove to what is referred to as the VFW Hall in Sweetwater about eleven o'clock at night. Clark testified that he approached appellant, who was

seated in his car, and asked him if he had any whisky. Upon appellant's affirmative reply, Clark said he wanted a half-pint. Appellant sold him the half-pint for $2.00. Clark later purchased from appellant three cans of beer, for which he paid $1.00. After Clark had completed his purchases, Barber also purchased from appellant three cans of beer, for which he paid $1.00.

The foregoing are the facts upon which the conviction rests.

Appellant did not testify.

Art. 666-4, Vernon's P. C., makes it unlawful to sell intoxicating liquor in a dry area. Each separate sale of such liquor constitutes a violation of that statute. The case of Robinson v. State, 53 Tex. Cr. R. 565, 110 S. W. 908, is deemed in point.

The conclusion is expressed that the facts show separate and distinct sales in violation of law, for which the state was entitled to separately prosecute.

The jury returned two verdicts in this case. In the first, they found appellant guilty as charged in count #1 of the information and assessed his punishment at a fine of $100 and three months in jail. In the other, they found appellant guilty as charged in count #2 and assessed his punishment at a fine of $100 and three months in jail.

The judgment entered set out the two verdicts and adjudged appellant guilty of selling whisky and beer in a dry area, as charged in count #1 of the information, and of the sale of beer in a dry area as charged in count #2, and further adjudging that the State of Texas recover the sum of $200 fine and costs and providing for appellant's commitment to jail for six months and until the fine and costs are paid.

The judgment effectively cumulated the two jail terms of three months each, and is in the form approved by this court in Abston v. State, 158 Tex. Cr. R. 88, 253 S. W. 2d 41.

The judgment is affirmed.

Opinion approved by the court.