### F. D. PIERCE V. STATE

No. 27,256. December 1, 1954
On Reinstatement of Appeal
January 12, 1955

*McCarthy, Rose & Haynes,* by *George S. McCarthy,* Amarillo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

650

Per Curiam.

Appellant was convicted for the unlawful sale of intoxicating liquor in a dry area, and his punishment was assessed at a fine of $650.

The record contains no notice of appeal, therefore this court is without jurisdiction to enter any order except to dismiss the appeal.

The appeal is dismissed.

ON MOTION TO REINSTATE APPEAL

MORRISON, Presiding Judge.

The appeal is now perfected, and the case will be considered on its merits.

Texas Liquor Control Agents, Burke and Barba, testified that they met the appellant in the town of Turkey and indicated to him that they wanted to buy some whisky; that the appellant told them it would take a few minutes to get it and invited them to accompany him in his automobile; that they drove some distance out in the country, where the appellant stopped his automobile and went out in a field, and when he returned he delivered one pint of whisky to Agent Barba. They stated that they started back to town, and the appellant inquired of Agent Burke if he wanted the other pint and that the sale to Burke was consummated as they neared the town of Turkey. This prosecution is based upon the sale to Burke. Prior to the instant trial the appellant had been convicted for the sale to Barba.

Appellant did not testify or offer any evidence in his behalf.

The sole question presented for review is the action of the court in overruling appellant's plea in bar based upon the contention that the above facts show only one criminal transaction and that since the appellant had been prosecuted for the sale to Barba he might not now be prosecuted for the sale to Burke.

The court has recently, in Palma v. State, 159 Texas Cr. Rep. 218, 262 S.W. 2d 486, had occasion to decide this identical question. There we held sales made to two undercover agents of the Texas Liquor Control Board under facts similar to those

herein set forth constituted two separate and disunct violations of the law for which the state was entitled to separately prosecute.

The judgment is affirmed.