ALVIN JONES V. STATE

No. 27,599. May 11, 1955

*Burks & Brown,* Lubbock, for appellant.

*James Weeks,* County Attorney, Lubbock, *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whiskey in a dry area.

Count One of the information charged a sale to Loyd Dunlap alleged to have occurred on or about July 18.

Paragraph Two of Count One charged a prior conviction of an offense of like character alleged for enhancement purposes.

Count Two charged a sale to Loyd Dunlap alleged ot have occurred on or about July 18. Count Two is in identical language to Paragraph One of Count One.

Count Three charged a sale to Loyd Dunlap alleged to have occurred on or about July 21.

The jury returned a verdict of guilty in all three counts and assessed a separate penalty to each count. The punishment under

Count One was assessed at 60 days in jail and a fine of $200.00. Under each of Counts Two and Three the punishment was assessed at 30 days in jail and a fine of $100.00.

No question is raised as to the sufficiency of the evidence to support the conviction under Count Three.

Appellant filed a motion to quash the information which alleged that Count One and Count Two were identical in form and contained no averments which would apprise the accused as to how he might prepare his defense.

It is the general rule that two or more misdemeanors may be charged in one information. But where, as here, the offenses are identical, it is incumbent upon the pleader to differentiate them in some way.

In Wilson v. State, 153 Texas Cr. Rep. 270, 219 S.W. 2d 86, we had a case in which two separate premises were searched on the same day and in each intoxicants were found which belonged to the accused. The pleader filed two informations charging the unlawful possession of intoxicants. The accused plead guilty to the first information and appealed his conviction under the second to this court alleging that he had twice been placed in jeopardy. We overruled such plea because the first information alleged that he possessed the intoxicants "at his residence" and the second alleged that the intoxicants were possessed "at his place of business." It was only because of these descriptive allegations in the information that we were able to sustain the conviction in the second case.

In Garber v. State, 145 Texas Cr. Rep. 44, 165 S.W. 2d 741, we said, "More than one misdemeanor may be charged in the one proceeding, but it must be so described as to each that it is capable of definite ascertainment as to the offenses charged."

The difficulty with which the trial court found himself confronted is made apparent by his charge to the jury. There he told them, as follows:

"12-a. You are further instructed that in arriving at your verdict as to Count No. 1, you will not consider, for any purpose, any evidence introduced by the State under Counts No. 2 and 3 herein; and in arriving at your verdict in this case as to Count No. 2, you will not consider for any purpose any evidence introduced by the State in Counts Nos. 1 and 3; and in arriving

at your verdict as to Count No. 3, you will not consider, for any purpose, any evidence introduced by the State under Counts Nos. 1 and 2."

The fallacy in this charge is that the jury did not know what evidence supported Count One and what evidence supported Count Two.

Having concluded that the trial court fell into error in overruling the motion to quash the first two counts of the information, we must next determine whether such error in anywise affects the validity of a conviction under Count Three.

In Abston v. State, 158 Texas Cr. Rep. 88, 253 S.W. 2d 41, we were confronted with a comparable situation. In that case, we affirmed the conviction under two counts and reversed the conviction under a third count. We have concluded that a similar order would be appropriate here.

The judgment of conviction under Counts One and Two is reversed. The judgment under Count Three assessing 30 days in jail and a fine of $100.00 is affirmed.