### EX PARTE LACEY WILLIAMS

No. 27,678. October 26, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 14, 1955

*John R. Francis,* and *W. E. Martin,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant was convicted under an information alleging, in three separate counts, a violation, upon three different occasions, of the policy-game statute (Art. 642c, Vernon's P.C.). In addition to a fine, the punishment assessed by the jury's verdict was six months' confinement in jail under each count.

Upon that verdict, the trial court (County Court at Law No. 3, of Harris County) duly entered judgment finding appellant

guilty of the three separate offenses and fixed the term of confinement in jail at eighteen months.

An appeal was duly perfected to this court from that judgment, which was affirmed by this court (159 Texas Cr. R. 487, 264 S.W. 2d 731).

Upon that appeal, appellant made no attack upon the validity of the judgment fixing his punishment at confinement in jail for a period of eighteen months.

On the 12th day of August, 1954, appellant was committed to jail to serve the eighteen-month jail penalty, and since that date has been continuously confined in jail serving that sentence.

By writ of habeas corpus before the judge of the County Court at Law No. 3, of Harris County, appellant attacks the validity of the judgment of conviction and insists that the trial court was without authority to cumulate the jail penalty assessed under each count and that, having served more than six months in jail, she has fully satisfied the punishment assessed by the jury and is entitled to be discharged from confinement in jail under the judgment.

After the hearing, the relief prayed for was refused. This appeal followed.

The effect to be given to the trial court's judgment was that he cumulated the jail penalty. This he was authorized to do by Art. 774, C.C.P. See Ex parte Banks, 41 Texas Cr. R. 201, 53 S.W. 688; Abston v. State, 158 Texas Cr. R. 88, 253 S.W. 2d 41; Palma v. State, 159 Texas Cr. R. 218, 262 S.W. 2d 486.

Moreover, if the judgment of the trial court was subject to some defect, appellant should have complained thereof when the case was before us upon appeal.

The judgment of the trial court is affirmed.