ARZETTA JOHNSON V. STATE

No. 28,163. March 21, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 9, 1956.

*Burks & Brown,* by *Burton S. Burks,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The information, in multiple counts, charged appellant with making three separate sales of intoxicating liquor in Lubbock County, a dry area.

Count No. 1 charged a sale of whisky to John L. Dibbrell on or about November 28, 1954, and alleged a prior conviction of an offense of like character to enhance the penalty; Count No. 2 charged a sale of whisky to Earnest L. Dunlap on or about November 30, 1954; and Count No. 3 charged a sale of beer to John L. Dibrell on or about December 2, 1954.

The court submitted to the jury the issue of appellant's guilt under Counts Nos. 1 and 2, and instructed the jury to acquit the appellant as to Count No. 3.

The jury returned three separate verdicts, finding appellant guilty as charged in Counts Nos. 1 and 2, and assessed pun-

ishment of six months' and three months' confinement in jail, respectively, under the two counts, and found appellant "Not Guilty" as to Count No. 3.

Upon the jury verdicts, the court entered judgment ordering appellant released from all further liability upon Count No. 3, and ordered appellant committed to jail for nine (9) months as to Counts Nos. 1 and 2.

State Liquor Board Inspectors John L. Dibrell and Earnest Loyd Dunlap testified that, on November 28, 1954, they went to appellant's residence at 1924 Second Street in the city of Lubbock; and, on such occasion, Inspector Dibrell purchased a one-half pint of whisky from the appellant; that they returned to appellant's residence on November 30, 1954, at which time appellant sold Inspector Dunlap a one-half pint of whisky. The two half-pints of whisky were introduced in evidence by the state after being identified by the two liquor inspectors as the whisky which they had purchased from the appellant.

Appellant denied that she sold the whisky to the two liquor agents and presented a defense of alibi. She testified that she was not in the city of Lubbock on November 28th or 30th; that she left Lubbock, with her sister, Mrs. Wynne, either on the 25th or 26th of November and went to Glen Rose and did not return to Lubbock until eleven or twelve o'clock on the night of November 30th. Mrs. Georgetta Wynne, the appellant's sister, and Mrs. Billie Sutters, the appellant's daughter, both testified in support of her defense of alibi.

Appellant's prior conviction was admitted and stipulated, and it was further stipulated that Lubbock County was a dry area.

We shall discuss the contentions presented by appellant in her brief and oral argument.

While the state's first witness, Dibrell, was testifying on direct examination, the county attorney, after the jury had been retired, informed the court that it had come to his attenion that the third count of the information charged a sale to the witness, Dibrell, and that actually the sale was in fact made to Loyd Dunlap, and suggested that the state move to dismiss the third count and proceed to trial on the first two counts of the information. Counsel for appellant informed the court that he had no objection to a dismissal of the third count, but did ob-

ject to continuing the trial on the other two counts because the jury had been informed that appellant was charged with having made three separate sales, and would therefore be prejudiced against her in passing upon the issue under Counts Nos. 1 and 2. The county attorney then withdrew the motion to dismiss the third count, whereupon appellant moved the court to declare a mistrial and to continue the case until a later term of court, on the ground that it would be prejudicial to her for the state to proceed to trial under Count No. 3, when it was known that the allegations therein could not be supported. The court overruled the motion and announced that, if the state failed to prove the allegations in the third count, he would, as to such count, instruct a verdict of not guilty.

We perceive no error in the court's refusal to order a mistrial and proceeding with the trial upon all three counts in the information. The state had the right to charge appellant with three separate offenses in the information. There is no showing that state's counsel acted in bad faith in charging the offense alleged in the third count. In the absence of a showing of bad faith on the part of state's counsel, we would not be warranted in reversing the conviction, because the jury was informed that appellant was charged with an offense in the third count in which it developed the state could not prove. See Spencer v. State, 237 S.W. 2d 990. The two cases cited by appellant are not here controlling, because, in each of the cases, the error was predicated upon the fact that the jury considered testimony admitted under a count in the state's pleading which had been withdrawn from their consideration.

In submitting the appellant's defense of alibi, the court, in Paragraph No. 8 of his charge, instructed the jury:

"The defendant has testified and introduced evidence herein that at the time of the occurrence of the offenses alleged in the information, she was at some place other than the place at which the State claims the said offenses occurred. Now, if you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant, at the time of the occurrence of the offenses alleged, was at some other place than the place where said offenses were claimed by the State to have occurred, you will acquit the defendant, and say by your verdict 'not guilty'."

Appellant objected to the instruction, on the ground that it shifted the burden of proof, and required the appellant to prove that she was elsewhere on each of two different occasions be-

fore she would be entitled to an acquittal under either of the two separate charges and, the court having submitted the several counts separately, the jury should be separately instructed as to the law under each count.

Under the testimony raising the defense of alibi, we find no error in the court's failure to separately submit the defense to each of the separate counts submitted to the jury.

Under appellant's testimony, and that of her witnesses, she left the city of Lubbock before and did not return until after both offenses were claimed to have been committed. The alibi was based upon her absence from the city on only one trip and was applicable to both offenses. The same alibi applied to both offenses and had to be either accepted or rejected by the jury.

Appellant objected to Paragraphs Nos. 4, 6, and 7 of the court's charge, on the ground that the jury was being permitted to consider the information and allegations therein in determining her guilt.

Paragraph No. 4 contains the following language:

"and you will, in arriving at your verdict consider each count of the information separately."

In submitting the issue of appellant's guilt under Counts Nos. 1 and 2 in Paragraphs Nos. 6 and 7 of the charge, the court charged that, if the jury found that the defendant did * * * as charged in the count, considering said count by itself * * * to find her guilty.

We do not construe the language contained in the instructions as authorizing the jury to consider the information as evidence of guilt but was only an instruction to the jury to separately consider each charge against the appellant. In Paragraph No. 10 of the charge, the court specifically instructed the jury that the information was no evidence of the defendant's guilt and that no juror should permit himself to be influenced against the defendant on account of said information.

We find no error in the court's charge wherein the jury was told that the appellant had stipulated she was the same person who was convicted of the prior alleged offense. Under the stipulation which had been made, such instruction could not have injured her.

Appellant contends that the judgment entered by the court is fundamentally erroneous because it fails to adjudicate appellant to be guilty of any offense and does not expressly provide for cumulation of the two jail terms.

The judgment contains the usual recitations of the proceedings before the retirement of the jury to consider their verdict and sets out the three verdicts returned by the jury under Counts Nos. 1, 2, and 3 of the information.

After ordering that appellant be discharged under Count No. 3 of the information, the judgment reads:

"It is therefore considered, ordered, and adjudged by the court that the State of Texas do have and recover of the defendant Arzetta Johnson all costs of this prosecution * * * ; and the said defendant being now present in court, be committed to the custody of the sheriff, who shall forthwith confine *him* in the jail of Lubbock County, for nine (9) months from this date * * *."

In misdemeanor cases, the judgment need not show by name the offense of which the accused has been convicted, or specify the particular count upon which a conviction is based. 12 Tex. Jur. p. 709, par. 348; and Fowler v. State, 144 Tex. Cr. R. 382, 162 S. W. 2d 969.

The fixing of appellant's punishment, in the judgment, at the total number of months assessed by the jury in their two verdicts under Counts Nos. 1 and 2 was sufficient to cumulate the two jail terms. Abston v. State, 158 Tex. Cr. R. 88, 253 S.W. 2d 41; and Palma v. State, 159 Tex. Cr. R. 218, 262 S.W. 2d 486.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record; the judgment is affirmed.

Opinion approved by the Court.