## KENNETH CALVIN BATES V. STATE

No. 29,753. April 30, 1958.

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *Robert Lyle, Raye Collier, A. D. Jim Bowie,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $100.00.

Under an information charging two separate offenses alleged to have occurred on two separate days six months removed in time from each other, the appellant was found guilty under the

second count and not guilty under the first, and the evidence submitted under the first count will be disregarded.

Deputy Sheriffs Hines and Beach testified that on the day charged in the second count, while on patrol, an automobile passed them in the "oncoming traffic lane" traveling at a speed of 85 miles per hour and that they gave chase, that the automobile driven by the appellant was brought to a halt, that they observed the appellant's dilated eyes, noted his "slurred speech," that he "staggered in his walk," and expressed the opinion that the appellant was intoxicated.

Appellant, testifying in his own behalf, admitted driving his automobile on the day in question but denied that he was intoxicated. In support of his testimony, he called two witnesses who testified that they had observed the appellant consume intoxicants at the Saint George Bar and one witness who served him intoxicants at El Phoenix Restaurant on the day in question, all of whom denied that the appellant was intoxicated. He also called witnesses as to his good reputation.

The jury resolved this conflict in the evidence against the appellant, and we find the same sufficient to support their verdict.

We shall discuss the contentions advanced by appellant's attorney in argument. The allegations contained in the motion to quash the information are not supported in this record, and nothing is presented for review. Savage v. State, 155 Texas Cr. Rep. 576, 237 S.W. 2d 315. The fact that appellant's counsel swears to the motion to quash will not alleviate the necessity of producing proof in support of such allegations.

Appellant's requested charge, which was refused, would have told the jury that they could find the appellant guilty of only one offense. We find no merit in such charge because the offenses were charged to have been committed on two different dates, and Garber v. State, 145 Texas Cr. Rep. 44, 165 S.W. 2d 741, has no application. As stated, the jury found the appellant guilty only on one count, and Jones v. State, 161 Texas Cr. Rep. 492, 278 S.W. 2d 844, would control.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

The information contains two counts, one charging the driving of an automobile in Dallas County while intoxicated on or about the 16th day of May, 1956, and the other charging the driving of an automobile in Dallas County while intoxicated on or about the 8th day of December, 1956.

Both counts were submitted to the jury and the jury found appellant not guilty of the offense charged in the first count but found him guilty of the offense charged in the second count.

Appellant insists, and I agree, that when the jury acquitted him on the first count he was acquitted of the one offense charged in the two counts of the information.

The allegation in the information that the offense was committed "on or about" a certain day was not specific or limited to that particular date. To the contrary, such allegation authorized conviction for the alleged offense committed at any time within two years prior to the date the information was filed—which was on the 23rd day of July, 1957.

It is apparent, therefore, that the same facts relied upon to convict appellant under the first count—being the count under which he was acquitted—could have been used to convict under the second count. Or, stated conversely, the facts relied upon to convict under the second count could have been those upon which the appellant was acquitted.

If the constitutional guarantee which says that no person shall for the same offense be twice put in jeopardy and shall not again be put on trial for the same offense after a verdict of not guilty (Art. 1, Sec. 14, Const.) means anything and is in full force and effect, then appellant was acquitted of the offense and the only offense alleged in the information.

The views here expressed are in keeping with those set out in my dissenting opinion in the case of Reynolds v. State, 162 Texas Cr. Rep. 143, 276 S.W. 2d 279. There is, however, in this case one difference that was not present in the Reynolds case, that being that the offense of drunken driving is not a continuous offense as was the offense in the Reynolds case of keeping a bawdy house.

The majority opinion in the Reynolds case points out the fact that the offense there charged was continuous.

I respectfully submit that when the jury acquitted the appellant under the first count, it acquitted him of the one and only offense charged by the information.

I dissent.