No. 5464.

HATTIE HUFFMAN *v.* THE STATE.

1. THE KEEPING OF A DISORDERLY HOUSE is, under the law of this State, a continuous offense, and a conviction bars all further prosecution up to the time of conviction, unless, as in this case, the indictment specifies or "carves out" the times of the commission of the offense, and the evidence is confined to the times carved out; when a conviction will not be a bar to prosecutions for like offenses at other times not carved out by the indictment.
2. SAME.—It was agreed in this case that the appellant should be tried upon her bond, and judgment was rendered against both the appellant and her sureties. *Held*, error as to the sureties, but as to appellant the judgment is affirmed.

APPEAL from the County Court of Bell. Tried below before the Hon. J. M. Rosborough, County Judge.

The opinion states the case. The verdict assessed the penalty at a fine of one hundred dollars, upon which judgment was rendered against the sureties on the appearance bond, as well as against the appellant.

*G. S. Walton* and *James Boyd*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for keeping a disorderly house. The indictment alleges that the house was kept from the first day of February, 1886, and on each day from that date up to the twenty-eighth day of February, 1886.

Though not directly passed upon by the courts of last resort in this State, the weight of authority is that this is a continuous offense, and that a conviction bars all further prosecutions up to the time of conviction. While this is the general rule, yet, to avoid this effect, it is well settled that if the indictment is drawn in the form in which this is drawn, and the evidence confined to the time thus carved out, a conviction will be no bar to prosecutions for keeping such house at other times not carved out by the indictment. By this character of pleading, the complicated

and perplexing subject of continuous offenses is eliminated from the case. And, as the proof was confined to the time alleged, both in fact and in the charge of the court, the form of the indictment eliminates from the case the appellant's plea of former conviction. (*Vide* Willson's Forms.)

It was agreed between the parties that appellant should be tried upon her bond, and hence the judgment was rendered against the sureties as well as the appellant. In this there was error; wherefore the judgment against the sureties is reversed, and that against the appellant is affirmed.

*Ordered accordingly.*