NELLIE FLEMING v. THE STATE.

*No. 3205.   Decided November 27.*

1. **Keeping a Disorderly House—Charge of the Court** which misdirects the jury as to the alleged time of the offense is error.

2. **Same.**—The indictment in this case charges that the accused kept the house from October 22, 1887, and on each day after that date until October 28, 1887. The charge of the court directed the jury to convict if they believed the defendant did, at any time from October 8, 1887, to January 31, 1888, keep the house. *Held*, error, the rule being that "in criminal cases, when a continuing offense is alleged to have been on a certain day, and on divers days and times between that and another day specified, the proof must be confined to acts done within the time."

3. **Former Conviction.**—An invariable rule is stated as follows: When the time is carved (as in this case), the offense being continuous, whether or not there be a plea of former acquittal or conviction, the proof must be confined to acts done within the time alleged; and if the proof is confined to the time carved, and no part of the time thus carved has been covered by a former conviction under an indictment involving the whole or a part of the time alleged in the pending indictment, then the plea of former conviction will not avail. But, on the other hand, if any part of the time alleged in the pending indictment has been used by or under another indictment—whether it be a carving or non-carving indictment is immaterial—the plea will prevail. This indictment charged the offense to have been committed on October 22, 1887, and on each day thereafter until October 28, 1887. In bar to this prosecution the defendant pleaded her former conviction under an indictment for keeping the house from February 1, 1888, until February 29, 1888. *Held*, that the plea was not available.

4. **Practice—Dismissal of Cases.**—Article 38 of the Code of Procedure provides. as follows: "The district or county attorney shall not dismiss a case unless he shall file a written statement with the papers in the case, setting out his reasons for such dismissal, which reasons shall be incorporated in the judgment of dismissal, and no case shall be dismissed without the permission of the presiding judge, who shall be satisfied that the reasons so stated are good and sufficient to authorize such dismissal." *Held*, that the power of the prosecuting attorney is circumscribed by the said article, and such officer has no authority, without first conforming to its requirements, to bind the State. by an agreement or contract to dismiss a prosecution.

APPEAL from the County Court of Ellis. Tried below before Hon. B. McDaniel, County Judge.

The opinion discloses the case. The penalty imposed upon the appellant was a fine of one hundred dollars.

*A. A. Kemble,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for keeping a disorderly house. Nineteen indictments were presented against the appellant on the 9th day of March, 1888,—one for selling beer to a minor, and eighteen for keeping a disorderly house. This indictment alleged that the house was kept from the 22nd day of October, 1887, and on each day from that date to the 28th day of October, 1887.

At a former term of the court appellant was tried and convicted on an indictment alleging that the house was kept from the 1st to the 29th day of February, 1888. This trial occurred at the April term, 1888. This. conviction is pleaded in bar to the prosecution in the present case.

The court tells the jury that appellant is charged by the indictment with keeping the house from the 8th of October to January 31, 1888. This is not so. The indictment alleges that the house was kept from the 22nd day of October, 1887, to the 28th day of October, 1887.

The court also charged the jury that if they believed from the evidence that the defendant did, at any time from the 8th day of October, 1887,. to the 31st day of January, 1888, keep the house, etc., they should convict. This is error, because, as is said by Chief Justice Shaw: "The rule is well settled in criminal cases that when a continuing offense is alleged to have been on a certain day, and on divers days and times between that and another day specified, the proof must be confined to acts done within the time." Comm. v. Briggs, 11 Metc., 573; Comm. v. Pray, 13 Pick., 364; Comm. v. Elwell, 1 Gray, 463.

When the time is carved, as in this case, then, the offense being continuous, whether there be a plea of former conviction or acquittal or not, the proof must be confined to acts done within the time alleged; and if the proof is confined to the time carved, and no part of the time thus.

carved has been used or utilized by a former conviction, under an indictment covering the whole or a part of the time used in this indictment, the plea of former conviction will not avail. But, on the other hand, if any part of the time specified in this indictment has been used by or under another indictment, either one which carved or one which did not, the plea will prevail. This being a continuous offense a non-carving indictment covers the whole time from its presentment back to limitation.

It appears from the record that appellant was convicted for selling beer to a minor, referred to above; that her motion for new trial was overruled, and notice of appeal entered of record. Under this state of case counsel · for appellant and the county attorney agreed that if she would abandon her appeal in the beer case, and plead guilty to one case for keeping a disorderly house, all of the other cases should be dismissed. Appellant complied with her agreement, and the county attorney dismissed a part of the cases, but refused to dismiss them all.

Article 38 of the Code of Criminal Procedure reads: "The district or county attorney shall not dismiss a case unless he shall file a written statement with the papers in the case, setting out his reasons for such dismissal, which reasons shall be incorporated in the judgment of dismissal, and no case shall be dismissed without the permission of the presiding judge, who shall be satisfied that the reasons stated are good and sufficient to authorize such dismissal."

In the first place the presiding judge was not consulted at all. He was not permitted to pass upon the sufficiency of the reasons, so far as appears from the record. They were not reduced to writing, as the law directs, and filed with the papers in the case. Hence, the county attorney had no authority to make such a contract. This being so, the State, the principal, was not bound by the contract, there being no authority in its agent to thus bind it. And while the agent was acting within the apparent scope of his authority, the appellant knew, or was bound to know, that he was exceeding his powers, for she is held to know the law.

Because of the errors in the charge above noted, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.