EUGENE CRITTENTON V. THE STATE.

No. 22595. Delivered November 17, 1943.
Motion to Reinstate Appeal Granted January 5, 1944.

The opinion states the case.

*Shelburne H. Glover*, of Jefferson, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The only notice of appeal in this case appears as a notation upon appellant's amended motion for a new trial. The record does not reflect that notice of appeal was entered of record in the trial court, that is, upon the minutes of said court, as required by the mandatory provisions of Art. 827, C. C. P.

The absence of a proper notice of appeal deprives this court of jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

The record in this case has been corrected so as to show that notice of appeal was made in open court and entered of record. The motion to reinstate the appeal is granted.

The record is before us without any statement of facts, but from the bills of exception it appears that appellant was arrested

with another negro while transporting a large quantity of liquor, wine, and beer through Harrison County, a dry area. Soon after the arrest they were taken to the county judge's office where a plea of guilty was entered and appellant assessed a fine of $500.00. He immediately got in touch with his lawyer from his home county of Marion, who filed a motion for rehearing setting up questions of fact which were not apparent of record. It alleged improper, hearsay, and prejudicial testimony had been submitted to the court, causing him to assess a fine of $500.00 against this appellant, while his companion in crime was assessed only a $100.00 fine. This motion is not sworn to, either by appellant or his attorney. No consideration will be given to the things alleged in it. This motion is the basis for the bill of exception, which cannot have greater force than the motion itself had. Furthermore, the trial court qualified the bill by saying that he had fixed the penalty in appellant's case before any such statements were made, as set out in the bill. As presented, the bill does not show error.

The judgment of the trial court is affirmed.