## Ex Parte James Thomas Watkins.

No. 26,475. June 3, 1953.
Appellant's Motion for Rehearing Denied Without
Written Opinion) June 27, 1953.

*Charles W. Tessmer,* Dallas, for relator.

*Henry Wade,* Criminal District Attorney, *Fred Bruner* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an extradition case. The Governor of this state issued his executive warrant based upon the requisition and supporting papers of the Acting Governor of the State of Oklahoma, authorizing the arrest, delivery, and return of appellant to the State of Oklahoma, to answer a charge of deserting and abandoning minor children.

After arrest upon said warrant, appellant sought his discharge therefrom by writ of habeas corpus before the judge of the criminal district court of Dallas County.

After hearing, the relief prayed for was denied and appellant was, by order of the court, remanded to the custody of the arresting officer, from which he gave notice of appeal.

The executive warrant of the Governor of this state and the requisition and all accompanying papers were introduced in evidence. This made out a prima facie case that the accused is a fugitive from justice and is subject to extradition.

The criminal complaint accompanying the requisition was made and filed on July 9, 1951, and is as follows, to-wit:

"* * * that before the filing of this complaint, and on or about the 12th day of November, 1950, within the County of Osage, State of Oklahoma: the defendant, James Thomas Watkins then and there being, did then and there wrongfully, wilfully, unlawfully, and feloniously desert and abandon his minor children, James Thomas Watkins, Jr., age 4, Billy Don, age 3, Dickey Ray, age 2, and Vicki Jo, age 5 months, while said children were in destitute and necessitous circumstances, and without just cause or excuse and has since said date wrongfully, wilfully and unlawfully failed, neglected and refused to support, maintain, and provide for said minor children, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

By Bill of Exception No. 1 appellant contends that he should be discharged upon the ground that the complaint upon which the Oklahoma demand is predicated is void.

Appellant bases his contention upon the ground that the facts set out in the affidavit of Marjorie Watkins, the mother of the children, which affidavit accompanied the requisition of the Governor of the State of Oklahoma, and her testimony on the hearing destroy and nullify the allegations in the criminal complaint which was signed by her, and shows that no offense was committed on November 12, 1950, and that no offense could have been committed until June or July, 1951. Said affidavit states that appellant is the father of the four children; that she and appellant were divorced in February, 1951, and that she was awarded custody of the children; that appellant was ordered to pay $125 per month for their support; that he contributed $525 to them from February, 1951, to and including two weeks in May, 1951; that the original complaint is adopted and made a part of the affidavit, the affidavit alleging no date of the crime.

A complaint which charges an offense to have been committed on or about a certain date will sustain a conviction alleged to have been committed at any time within the period of limitation

prior to the filing of the complaint. Ex Parte Morris, 131 Tex. Cr. R. 596, 101 S.W. 2d 259.

We conclude that the complaint, upon its face, substantially charges an extraditable offense, and it is sufficient to support a demand for extradition and the issuance of the executive warrant; the relator is without authority in this proceeding to impeach the complaint, proper on its face, by proof aliunde the complaint, which would seek to destroy it.

By Bill of Exception No. 2, appellant further contends that he should be discharged upon the ground that the Governor's warrant is fatally defective in that it does not state an offense eo nomine.

The Governor's warrant, introduced in evidence in this case, states, in part, "that James Thomas Watkins stands charged by complaint and other papers before the proper authorities, with the crime of deserting and abandoning minor children."

We are of the opinion that the warrant is sufficient. Ex Parte DuBois, 156 Tex. Cr. R. 463, 243 S.W. 2d 698; Art. 1008a, Sec. 7, V.A.C.C.P.

The judgment of the trial court is affirmed.

Opinion approved by the Court.