CORA REYNOLDS, *alias* MRS. A. M. REYNOLDS V. STATE

No. 27,258. January 5, 1955
Rehearing Denied March 16, 1955
Certiorari Denied by the Supreme Court of the United States
October 17, 1955, Filed October 22, 1955

144

*West, Howard & Mitchell,* by *James L. Mitchell,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted under Art. 514, P.C., on nineteen separate counts in the information which charged that on nineteen separate days she "did unlawfully keep, and was then and there concerned in keeping and did then and there aid and assist and abet in keeping a bawdy house." This statute provides that for each day any person violates its terms, he shall be fined $200 and confined in jail for twenty days. The judgment rendered herein against appellant was for 380 days' confinement in jail and fines totaling $3,800.

It is not disputed that the appellant owned the motel here involved at all times alleged in the information.

The state's evidence shows that appellant, on each and all of the dates alleged in the nineteen counts upon which she was convicted, was operating said motel by and through her manager and porters who were conducting the business; that prostitutes were at said motel at said times for the purpose of prostitution and that they did commit illicit acts of intercourse with men, for which they received money, in the cabins and houses kept and provided for them or other persons at the motel with the consent and knowledge of appellant's manager and porters; that appellant knew that said cabins and houses were being so kept, occupied and used for prostitution; and that she was paid by said manager and porters a percentage of the money which they received from the prostitutes for their acts of prostitution on the said nineteen days with knowledge that the money came in payment for acts of prostitution in her motel.

Appellant, while testifying in her own behalf, denied any knowledge of any acts or conduct on the part of anyone at said

motel which would show the keeping or operating of a bawdy house.

The evidence supports the conviction under each of said nineteen counts of the information.

There is one formal bill of exception and no informal bills are indexed in the statement of facts filed on July 6, 1954.

Appellant delivered to the clerk of the county criminal court of Dallas County her "Index to Bills of Exception" to the statement of facts 155 or 156 days after she gave notice of appeal, and the same was received by the clerk of this court on September 30, 1954.

If appellant desired to preserve for review her exceptions to the admission of evidence as shown in the statement of facts, it was incumbent upon her to see that the statement of facts included as a part thereof an index to the exceptions relied upon before she filed it. Art. 759a, Vernon's Ann. C.C.P., Sec. 3; Greenwood v. State, 157 Texas Cr. R. 58, 246 S.W. 2d 191; Tucker v. State, 157 Texas Cr. R. 259, 247 S.W. 2d 901; Simone v. State, 157 Texas Cr. R. 393, 248 S.W. 2d 938; Bristow v. State, 160 Texas Cr. R. 111, 267 S.W. 2d 415.

By formal bill of exception, appellant complains of the refusal of the trial court to hear testimony in support of her motion for a new trial which alleged that the three principal witnesses that gave testimony against appellant would then testify that appellant did not have any knowledge of the acts of prostitution at said motel and that they testified falsely concerning her knowledge of said acts.

Appellant's motion for new trial is not verified or supported by affidavit and is therefore insufficient as a pleading and cannot be considered. Where matters extrinsic the record are sought to be presented as ground for new trial, the motion should be verified. The motion being insufficient, no error is shown in refusing to hear testimony in support thereof. Art. 756, C.C.P., Note 11; 31 Texas Jur. 298, Sec. 95; Crittenton v. State, 146 Texas Cr. R. 486, 176 S.W. 2d 757.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

We have re-examined the record in the light of appellant's motion for rehearing and remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.

DAVIDSON, Judge, dissenting.

In overruling appellant's motion for rehearing, my brethren affirm the conviction in this case upon the original opinion.

To that affirmance I do not agree, and respectfully enter my dissent, which is based upon two propositions:

First: The jury, by a verdict of not guilty in this case, acquitted appellant of the only offense charged against her in that information. The only judgment that should have been rendered was that of not guilty.

Second: Substantial justice and ordinary justice under the law were wholly and unjustifiably defeated when the trial court would not permit appellant, upon motion for new trial, to prove by the three witnesses who testified to material and damaging facts against her upon the trial of this case that they committed perjury when they so testified and that the facts to which they had testified were not true but false.

I will discuss these propositions in the order named.

This conviction was under Art. 514, Vernon's P.C., prohibiting the keeping of a bawdy house, which article reads as follows:

"Any person who shall directly, as agent for another, or through an agent, keep or be concerned in keeping, or aid or assist or abet, in keeping a bawdy or disorderly house in any house, building, edifice or tenement, or shall knowingly permit the keeping of a bawdy or disorderly house in any house, building, edifice or tenement owned, leased, occupied or controlled by him or her, directly, as agent for another or through any agent, shall be fined two hundred dollars and confined in jail for twenty days for each day he or she shall keep, be concerned in keeping or knowingly permit to be kept such bawdy or disorderly house."

This statute creates one continuous offense, with punishment authorized to be assessed for each day's violation.

The information in this case contains twenty-six separate counts.

Count No. 1 alleges that appellant "on or about the 20th day of May, 1953, in the City of Dallas and State of Texas did unlawfully keep, and was then and there concerned in keeping, and did then and there aid and assist and abet in keeping, a bawdy house there situate; the said house being then and there a house kept for prostitution, and being then and there a house where prostitutes were then and there permitted to resort and reside for the purpose of plying their vocation."

The remaining twenty-five counts are exact duplications of Count No. 1, with the exception of the date the offense was alleged to have been committed. Count No. 2 alleges that the offense there charged was committed "on or about the 19th day of June, 1953." The remaining counts allege on or about certain dates subsequent thereto and ranging anywhere from two and three days apart to three months apart. The last count (No. 26) alleges that the offense there charged was committed "on or about the 24th day of January, 1954."

The information was filed on the 29th day of January, 1954.

There is no escape from the conclusion that the information and each of the twenty-six counts charged but one offense — which was the keeping of a bawdy house.

The time element in the statute — that is, the fixing of a specific punishment for "each day" the house is kept is no part of the offense but is entirely one relating to punishment for the doing of that unlawful act. It is well established that the state may include in one indictment or information as many counts as it desires in charging the same offense or transaction. Branch's P.C., Sec. 507. So, also, may the state charge misdemeanors in separate counts of the information. Branch's P.C., Sec. 509.

So, also, is it true that the state may allege in an indictment or information that an offense charged was committed "on or about" a certain date and that no necessity exists that the date be otherwise alleged. When an offense is alleged to have been committed "on or about" a certain date, the state may prove under such an allegation that the offense was committed at any

time prior to the date of the filing of the information or indictment that is within the period of limitation. Branch's P.C., Sec. 439; 21A, Texas Digest, Indictment and Information, Key 87(2) and authorities there cited. One of the latest expressions attesting the rule is that of Ex parte Watkins, 159 Texas Cr. R. 14, 259 S.W. 2d 215.

Applying the rule just stated here, a conviction could have been obtained under Count No. 1, upon facts showing that the offense occurred on the date alleged in Count No. 26; equally, a conviction could have been obtained under Count No. 26, upon facts showing that the offense was committed on the date alleged in Count No. 1. The same would be true as to all other counts in the information — that is, a conviction could have been obtained under any count of the information upon any date alleged in any count of the information.

The rules to which I have called attention have so long been the settled law of this state that they ought to be now deemed axiomatic.

In submitting the case to the jury the trial court here submitted, separately, each of the twenty-six counts in the information and instructed the jury to the effect that if they believed the appellant guilty of having committed the offense there alleged, "on or about" the date alleged therein, they should find her guilty and assess her punishment at a fine of two hundred dollars and by confinement in the county jail for twenty days. The practical and working effect of such a charge was to submit the same offense twenty-six times, not twenty-six different offenses. There was contained in the charge the general instruction, also, to the jury that they should acquit appellant if they entertained a reasonable doubt as to her guilt.

Under such a charge, the jury returned twenty-six separate verdicts.

Upon each of the first seven counts of the information appellant was found not guilty. Upon each of the remaining nineteen counts she was found guilty, as charged in that count.

Upon that verdict the trial court rendered judgment against appellant for a fine of $3,800 and 380 days in jail.

Under the information, the court's charge, and the verdict, was the trial court warranted in entering the judgment that he did? If not, then what judgment should have been rendered?

Reference is had to the case of Novy v. State, 62 Texas Cr. R. 492, 138 S.W. 139. There, we said:

"It is well established that such an offense as is charged in this case is a continuous one, and a conviction bars all further or other prosecutions up to the time of the conviction, unless the indictment or information carves out the time of the commission of the offense, and the evidence, as well as the pleading, is confined to such time so carved out. Huffman v. State, 23 Texas App. 491, 5 S.W. 134; Fleming v. State, 28 Texas App. 234, 12 S.W. 605.

"In our opinion the information in this case carves out but one offense and limits the time for that one offense as between the dates July 1, 1909, and November 1, 1909. Evidence can be introduced of any particular day within that time or for each and every day or any other day within the time; but one conviction only can be had for one offense only. The evidence could be introduced and is admissible for each and every day for the purpose of fixing the character of the house and showing the character of the keeping so as to establish the offense."

The holding in the Novy case was cited with approval in Grissom v. State, 119 Texas Cr. R. 494, 43 S.W. 2d 580.

The authorities appear to be in complete accord with the conclusion that under the information, as drawn and submitted by the trial court, only one offense was alleged, submitted, or involved, and that offense constituted the only unlawful act charged against appellant.

The sole and only offense was submitted by the trial court to the jury in applying Count No. 1 of the information.

By its verdict of not guilty, the jury acquitted appellant under the accusation contained in that count and thereby acquitted her of the only offense charged against her in the information. What happened after that acquittal is wholly immaterial and of no significance, for when a jury renders a verdict of not guilty the accused is acquitted and the state has no appeal.

The only judgment the trial court was authorized to enter in the instant case was that finding appellant not guilty. That is what the jury found.

Such finding of not guilty is, by my brethren, disregarded without, in my opinion, justification or excuse.

As to the second proposition:

This record affirmatively reflects that three admitted prostitutes testified upon the trial of the case to facts material to the state's case and very damaging to the appellant. In fact, the conclusion is altogether proper that without their testimony the facts would not have authorized the conviction.

After the trial, the three witnesses made known to appellant's counsel that the facts, and especially the material facts, to which they had testified were false and untrue and did not occur.

Appellant's counsel incorporated in the motion for new trial an allegation setting forth the above information and prayed that the trial court hear the testimony of the witnesses.

The motion for new trial was not sworn to by the appellant, nor was there attached to the motion the ex parte affdavits of the witnesses.

The bill of exception by which this question is brought, here, certified that the three witnesses were present in court when the motion for new trial was presented to and heard by the trial court, and that they would have testified as to their false and perjured testimony had they been permitted to do so. The bill of exception further certifies that the sole and only reason the trial court refused to permit the witnesses to testify and to hear the testimony was because the motion for new trial was not sworn to by affidavit of the witnesses.

This court has repeatedly held that a new trial will be granted where a witness whose testimony is essential to the conviction subsequently swears that such testimony was false and that perjury was committed in the testimony. 31 Texas Jur., New Trial — Criminal Cases, Sec. 64, p. 260.

Indeed, there is strong support of the proposition that a conviction which rests and is obtained upon perjured testimony violates due process of law.

In any event, the trial court refused to hear the testimony of the witnesses as to their perjury and the reason prompting them to so testify.

In affirming this case my brethren approve and sustain the trial court's ruling.

The over-all picture here presented is as follows:

The three witnesses testify to material and damaging facts against the appellant and favorable to the state. Upon motion for new trial those same witnesses were in court, ready and willing to testify and, had they been permitted, would have testified that the testimony they gave was not only false and untrue but perjured. The trial court refused to permit the witnesses to so testify only because the motion for new trial alleging the facts of such perjured testimony was not sworn to by the appellant or her attorney.

The statute law of this state nowhere provides that the motion for new trial shall be sworn to. Such requirement stems entirely from court-made rules, without legislative approval.

But conceding that under the rules the motion should have been sworn to, is such rule to be used to defeat rather than to preserve substantial justice? To my way of thinking, no other construction may be given to the majority holding than that it does so and is here applied. I cannot help wondering under the conditions here presented, if the time has come when the great State of Texas is not only willing to so deprive but insists that one of its citizens shall be deprived of her liberty upon known and admitted perjured testimony.

When the state placed the three witnesses upon the witness stand upon the trial of the case, it vouched for their credibility and said thereby that they were worthy to be believed. It was these same witnesses who were ready to testify that they had committed perjury in their first testimony. Surely it does not rest with the state to attack their credibility, or to say that they are not worthy of belief.

To my mind, substantial justice in this case demanded that the witnesses should have been permitted to testify upon the hearing of the motion for new trial and if their testimony was false and perjured that a new trial should have been awarded.