## PEGGY STEPHENSON BRYANT V. STATE

No. 28,364. June 30, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*Ray Stevens,* Houston, for the appellant.

*Tom Blackwell,* County Attorney, *Wallace W. Shropshire, Jr.,* Assistant County Attorney, Austin, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was charged by information in ten separate counts with keeping a bawdy house on ten separate days. The court submitted to the jury the issue of appellant's guilt under five counts who returned into court their verdicts finding her not guilty under Count No. 1 alleged to have been committed on or about February 19, 1955, and guilty under Counts Nos. 2, 3, 4, and 5 of the offenses alleged to have been committed on or about the respective dates of March 3, 1955, May 13, 1955, September 24, 1955, and October 16, 1955, and assessing her punishment at twenty days in jail and a fine of $200.00 in each count. The judgment rendered herein was that the State of Texas recover of the appellant the sum of $200.00 and she be imprisoned in jail for twenty days in each of the Counts Nos. 2, 3, 4, and 5.

The state's evidence shows that the house in question was known as "Peggy's Place," and that appellant acquired title to the property by a deed from her former husband, James E. Stephenson, dated January 30, 1951, and that thereafter the property was conveyed to Billie Bradiary by the appellant and her husband, D. H. Bryant, by deed dated March 21, 1955.

The state's testimony shows that certain girls who bore the general reputation of being common prostitutes and had paid vagrancy fines for being prostitutes resided at the house and there plied their vocation during the period of time in question. Proof was further offered by the state that the house had the general reputation of being a bawdy house for a period of two years prior to the date of the filing of the information in the case.

The state called certain male witnesses who testified that, on the dates of February 18, 1955, sometime in March, 1955, May 13, 1955, and October 16, 1955, they went to the house and there engaged in an act of sexual intercourse with a girl for hire.

Appellant was not identified as being present at the house on any of the dates except September 24, 1955, when certain officers of the city of Austin raided the place.

Officer Pope testified that, on such date, as they were preparing to leave the place with the appellant, he asked her if she had any money or valuables she wanted to get; that, after she replied in the affirmative, she went to a closet, unlocked a drawer and took some money out, went to a dressing table and took a watch; that the officer helped appellant lock the windows and as they were leaving, she asked him to see that the door was locked.

The state's witness Ida May Haywood testified that she worked for the appellant as a maid from April 1, 1955, until August 14; that, during such time, she worked at appellant's home in the mornings; and that, in the afternoon, appellant would carry her to the house in question out on the San Antonio Highway, where she would work until 5:30 o'clock P.M. She further testified that appellant paid her for working at both places.

The state further offered testimony showing that gas was

delivered to the premises in question at times during the years 1954 and 1955 and billed to Peggy Stephenson; that the bills were paid and no request was made that the account be changed to any other name.

Evidence was also offered by the state that in 1950 telephone service was established at the house in the name of Peggy Stephenson; that bills for such service had been mailed in that name; and that the service had never been changed to any other name. It was further shown that the water account for the premises was established in March, 1954, in the name of D. H. Bryant and the electric account was established in 1950 in the name of James E. Stephenson, and that both accounts had never been changed to another name.

As a witness in her own behalf, appellant denied that she operated a bawdy house between the dates of May 4, 1954, and October 16, 1955; and testified that she was in the city of Dallas on February 19, 1955, and in the state of California on March 3, 1955. She further testified that Billie Bradiary took possession of the place in December, 1954, and that she had nothing to do with place since that time.

By numerous informal bills of exception, appellant complains of the action of the court in permitting witnesses to testify to acts of sexual intercourse and other transactions on the premises over her objection that she was not present at the time and such testimony was therefore hearsay. This testimony was admissible to prove the character of the house as being a bawdy house and was admissible for such purpose although appellant was not shown to be present at the time the acts and transactions occurred. 15-A Tex. Jur. No. 36, page 455; Hickman v. State, 59 Tex. Cr. R. 88, 126 S.W. 1149. For like reason, the testimony of a witness to an act of sexual intercourse at the house on February 18, 1955, a date not alleged in the information, was also admissible.

By formal Bills of Exception Nos. 1 and 2 appellant insists that the court erred in overruling her objections to the charge before it was read to the jury and in altering the charge after it had been read to the jury and state's counsel had commenced his argument.

Bill No. 1 certifies that appellant "timely objected in writing that the said charge as prepared did not correctly set out and

state the law applicable *the* the evidence in the case." Such objection was too general in that it did not specifically point out wherein the charge did not correctly set out and state the law applicable to the evidence in the case, and therefore presents nothing for review. Soto v. State, 161 Tex. Cr. R. 239, 275 S.W. 2d 812.

Bill No. 2, as qualified by the court, certifies that the alteration of the charge was made before the charge was read to the jury and any argument commenced; and that the charge as amended was submitted to counsel before being read to the jury. Under the court's qualification to the bill, which was accepted by appellant, we overrule appellant's contention that the change in the charge before argument commenced violated the provisions of Art. 660, V.A.C.C.P. The change in the charge was to substitute a correct statement under the statute as to what constitutes the offense of keeping a bawdy house. In Herriage v. State, 158 Tex. Cr. R. 362, 255 S.W. 2d 516, this court held it was not error for a court to withdraw a charge and substitute a correct one at any time before the retirement of the jury.

Appellant questions the sufficiency of the evidence to support the jury's verdict. Without further reviewing the testimony, we overrule this contention.

The evidence is sufficient to show that the house in question was a house where prostitutes were permitted to resort or reside for the purpose of plying their vocation and as such was a bawdy house as defined by Art. 510, V.A.P.C. The evidence sufficiently shows appellant's connection with the house to support the jury's verdicts finding that she was keeping or was concerned in keeping the house on the respective dates found in their verdicts.

Although the act of keeping a bawdy house is a continuous offense, the fact that the jury acquitted the appellant under the first count of keeping the house on February 19, 1955, as alleged in Count No. 1, was not an acquittal of the charge of keeping the house on subsequent dates alleged in Counts Nos. 2, 3, 4, and 5 of the information. Reynolds v. State, 162 Tex. Cr. R. 143, 276 S.W. 2d 279. By the provisions of Art. 514, V.A.P.C., a person is subject to punishment for each day she keeps or is concerned in keeping the house.

We overrule appellant's contention that she has been de-

prived of equal protection of the laws guaranteed by our Federal and State Constitutions because she could have been prosecuted upon the same facts for vagrancy under Art. 607, V.A. P.C., which carries a lesser penalty than the penalty prescribed for keeping a bawdy house under Art. 514, supra.

In the case of Grimmett v. State, No. 28,166, opinion delivered May 2, 1956 (page 148 this volume), we held that, although the bawdy house statute, Art. 514, supra, and the vagrancy statute, Art. 607, supra, both relate to prostitution, the 1943 amendment to the vagrancy statute did not repeal the bawdy house statute, and that the two statutes could stand and be separately enforced.

Finding the evidence sufficient to support the conviction, and no reversible error appearing in the record, the judgment of conviction is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, Dissenting.

The acquittal of appellant by the jury under count No. 1 of the information operated, in my opinion, as an acquittal of all counts in the information.

This is the exact question which was presented in Reynolds v. State, 162 Tex. Cr. R. 143, 276 S.W. 2d 279, in which I recorded my dissent.

That dissent I adopt as my dissent here.