Peggy Bryant WEBB et al., Appellants,

v.

STATE of Texas, Appellee.

No. 10752.

Court of Civil Appeals of Texas.

Austin.

April 27, 1960.

Rehearing Denied May 18, 1960.

Jones, Herring & Jones, Jack C. Eisenberg, Austin, for appellants.

Tom Blackwell, County Atty., Peter P. Zaremba, Asst. County Atty., Les Procter, Dist. Atty., Austin, for appellee.

ARCHER, Chief Justice.

This is a civil action to recover the proceeds of a statutory bond. The State of Texas, appellee, brought suit on the 13th day of July, 1959, in Cause No. 114,470, pursuant to Articles 4664 and 4670, Vernon's Annotated Texas Statutes, to padlock the premises at that time owned and controlled by appellant Peggy Webb. A judgment was entered in said cause padlocking said premises and a penal bond in the sum of $5,000 was posted and the padlock order superseded conditioned that the said Peggy Stephenson Bryant would not use nor permit to be used said premises for the period of one year for the purpose of prostitution. The State claimed the bond condition was violated and instituted suit in this cause, No. 115,117, in the 53rd Judicial District Court of Travis County, Texas, to recover on the bond and the trial court entered judgment of forfeiture.

The appeal is founded on seven points assigned as error and are that the court erred in denying a demand for a trial by jury and that there was no evidence to support the holding that defendant controlled the property; and against the great weight and preponderance of the evidence; in holding that there was a conspiracy between Mrs. Webb and her former husband, Dudley Bryant, to perpetrate a conspiracy in violating the order of the court; because there was no evidence to warrant such holding and that such holding is against the great weight and preponderance of the evidence.

It is made to appear that Peggy Bryant, a widow, owned the property made the subject of the injunction proceedings.

On June 24, 1959 the State acting through the County Attorney and the District Court sought an injunction restraining Mrs. Bryant from using a place known as Peggy's Place, located on the Old San Antonio Highway as a place where persons resort to purposes of prostitution, alleging that the property was so used and constituted a nuisance, and also that the defendant habitually used such place for keeping, being interested in, aiding and abetting the keeping of a bawdy house.

On the 10th of July, 1959, the application was heard and the Court granted a permanent injunction in words as follows:

"It is therefore ordered, adjudged and decreed by this Court that the premises located at Route 5, Box 181, being more particularly described by metes and bounds in the conveyance recorded in Volume 1709, Page 394, of the Deed Records of Travis County, and known as 'Peggy's Place'. located on South Congress Avenue, sometimes referred to as 'Old San Antonio Highway', outside of the city limits of the City of Austin, in Travis County, Texas, to be, and the said premises are here so declared to be a common nuisance, and the owner of the same, Peggy Stephenson Bryant, is ordered to abate said nuisance, to allow and permit no person or persons to use the said premises for prostitution and to cease and desist from maintaining the said premises as a bawdy house and to allow no one to use the said premises; and the said Defendant, Peggy Stephenson Bryant, is here ordered to close the said premises and permit no one to use the said premises at Route 5, Box 181, Travis Co. Texas, for any purpose, for one year from the date of this judgment, and the said Defendant Peggy Stephenson Bryant, is here enjoined from using the said premises or any part thereof, or allowing the said premises to be used by anyone for the said period of one year from this the 10th day of July, 1959, the date of this judgment, unless and until she the said Peggy Stephenson Bryant, shall make a good and sufficient penal bond, paya-

ble to the State of Texas at Austin, Travis County, Texas, in the penal sum of $5,000.00 (Five Thousand and no/100 Dollars), conditioned that the said premises will not be used for, nor be permitted to be used for the purpose of prostitution, and further conditioned that the said Peggy Stephenson Bryant will not maintain, use or assist in maintaining or using said place and premises for the purpose of prostitution, nor will she the said Defendant keep, or be interested and/or concerned in keeping nor aid or assist or abet in the keeping of a bawdy house on said place and premises, nor will she the said Defendant keep, or be interested and/or concerned in keeping, nor aid or assist or abet in the keeping of a house where prostitutes resort and reside and are permitted to resort and reside for the purpose of plying their vocation; and the Clerk of this Court is here directed to prepare the proper writ herein ordered by this Court and to direct the Sheriff of Travis County, Texas, to serve such writ as prescribed by law together with a certified copy of this order, and the said Sheriff is commanded to cause to be carried out the terms of this order and to make report to this Court any violation thereof."

On July 13, 1959, a bond reading as follows was executed:

"Whereas, in the above entitled and numbered cause, the Honorable Judge of the 53rd Judicial District Court of Travis County, Texas, on the 10th day of July, 1959, made and entered his order granting a permanent injunction against the Defendant, Peggy Stephenson Bryant, enjoining the said Peggy Stephenson Bryant from operating the premises described as follows, towit: Rt. 5, Box 181, known as 'Peggy's Place', located on South Congress Avenue, sometimes referred to as 7410 South Congress on 'Old San Antonio Highway' outside City of Austin city limits, in Travis County, Texas, being more particularly described by metes and bounds in the conveyance recorded in Volume 1709, Page 394, of the Deed Records of Travis County, Texas, as a common nuisance, towit:

"To allow and permit no person or persons to use the said premises for prostitution (underlined in ink) and to cease and desist from maintaining the said premises as a bawdy house;

"Whereas, the said Owner and Defendant herein Peggy Stephenson Bryant was ordered, by said permanent injunction, to close the said premises and to permit no one to use the said premises for any purpose for one year from the date of this judgment, and the said Peggy Stephenson Bryant was enjoined, by said order of this Court, from using said premises or any part thereof, or allowing the said premises to be used by anyone for the said period of one year from this the 10th day of July, 1959, the date of this judgment, unless and until she, the said Peggy Stephenson Bryant, shall make a good and sufficient penal bond, payable to the State of Texas at Austin, Travis County, Texas, in the penal sum of $5,000.00 (Five Thousand Dollars), conditioned that the said premises will not be used for, nor be permitted to be used for the purpose of prostitution, and further conditioned that the said Defendant, Peggy Stephenson Bryant, will not maintain, use or assist in maintaining or using said place and premises for the purpose of prostitution, nor will she the said Defendant keep, or be interested and/or concerned in keeping nor aid or assist or abet in the keeping of a bawdy house on said place and premises, nor will she the said Defendant keep or be interested and/or concerned in keeping, nor aid or assist or abet in the keeping of a house where prostitutes resort and reside and are

permitted to resort and reside for the purpose of plying their vocation;

"Now therefore, Know all Men by these presents:

"That we, Peggy Stephenson Bryant, as principal, and Perry L. Jones, and Tom Attal, as sureties, are held and firmly bound unto the State of Texas, in the penal sum of $5,000.00 (Five Thousand Dollars), said sum to be paid in the event of violation of the following conditions, or any one of them, to the State of Texas at Austin, Travis County, Texas, to the payment of which aforesaid sum well and truly to be made, we hereby bind ourselves, and our heirs, executors and administrators, firmly by these presents:

"Dated this 13th day of July, 1959.

"The condition of the above obligation is such that the said premises known as 'Peggy's Place', Rt. 5, Box 181, located on South Congress Avenue, sometimes referred to as 7410 South Congress Avenue on 'Old San Antonio Highway' outside City of Austin city limits in Travis County, Texas, being more particularly described by metes and bounds in the conveyance recorded in Volume 1709, Page 394, of the Deed Records of Travis County, Texas, will not be used for, nor be permitted to be used for the purpose of prostitution, and further that the said Peggy Stephenson Bryant will not maintain, use or assist in maintaining or using said place and premises for the purpose of prostitution, nor will she the said Peggy Stephenson Bryant keep, or be interested and/or concerned in keeping nor aid or assist or abet in the keeping of a bawdy house on said place and premises, nor will she the said Peggy Stephenson Bryant, keep, or be interested and/or concerned in keeping, nor aid or assist or abet in the keeping of a house where prostitutes resort and reside and are permitted to resort and reside for the purpose of plying their vocation.

"s/ Peggy Stephenson Bryant
"Principal

"s/ Perry L. Jones
"Surety

"s/ Tom Attal
"Surety

"Approved as to form:

"s/ F. J. Maloney, Jr.
"Assistant District Attorney
"Travis County, Texas
"Attorney for Plaintiff

"s/ Perry L. Jones
"Attorney for Defendant

"Approved and entered this 13th day of July, 1959.

"s/ Mace B. Thurman, Jr.
"Presiding Judge, 53rd Judicial District Court of Travis County, Texas.

"The State of Texas }
"County of Travis }

"I, O. T. Martin, Jr., Clerk of the District Courts, within and for the State and County aforesaid, do hereby certify that the within and foregoing is a true and correct copy of the Penal Bond in Cause No. 114470, wherein The State of Texas is Plaintiff, and Peggy Stephenson Bryant is Defendant, as the same appears on file and of record in this office.

"Given under my hand and seal of office at Austin, Texas, this the 1st day of October, 1959.

"O. T. Martin, Jr.
"Clerk, District Courts,
"Travis County, Texas."

By petition filed August 20, 1959, the State sought a forfeiture of the bond, setting out the prior suit orders and the bond, and alleged a breach of the terms of the bond.

The principal on the bond, her then husband, Chester J. Webb, answered as did the sureties in the form of a general denial, and further alleged that the principal Peggy Bryant Webb was not in charge of the

premises at the time of the alleged violation, was not in the State, and that any violation was without her knowledge or authorization.

At the hearing begun on the 2nd day of October, 1959, evidence was heard, and by order dated October 8, 1959, a judgment was entered reciting the prior actions of the court and concluding as follows:

"And it further appearing to the Court from the evidence, that the conditions of the aforesaid bond were violated, to-wit: that the above described place and premises were used for the purposes of prostitution.

"It is therefore ordered, adjudged and decreed by the Court that the State of Texas do have and recover of and from the said Peggy Stephenson Bryant Webb, as principal, the sum of Five Thousand and no/100 Dollars, and costs of suit, and in like manner that the State of Texas do have and recover of and from the said Perry L. Jones and Tom Attal, as sureties, the sum of Five Thousand and no/100 ($5,000.00) Dollars each joint and several and costs of suit, for all of which let execution issue.

"To which order, judgment and decree Defendants duly excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District sitting in Austin, Texas."

It is from this judgment that the appeal is taken.

Appellants contend that a jury request was made and a jury fee paid. Conceding that a jury fee was paid, but such was not paid not less than ten days in advance, we are then confronted with Rule 216, Texas Rules of Civil Procedure, which provides that no jury trial shall be had in any civil suit unless application shall be made therefor and unless a fee of $5, if in the District Court, be deposited by the applicant with the Clerk, before appearance day or a reasonable time before the date set for trial, but not less than ten days in advance.

There are a number of cases construing time for application, demand and payment of jury trials, and the discretion of the trial court in granting or denying a jury trial.

Morris v. Biggs & Co., Tex.Civ.App., 165 S.W.2d 915, er. dism.; Lebman v. Sullivan, Tex.Civ.App., 198 S.W.2d 280, er. ref., N.R.E.; Aronoff v. Texas Turnpike Authority, Tex.Civ.App., 299 S.W.2d 342; Union Producing Co. v. Allen, Tex.Civ. App., 297 S.W.2d 867.

The uniform holding is that the request for and payment of a jury fee must be timely and the trial court had the discretion to grant or deny such request when not timely made.

■ We do not believe there was shown an abuse of discretion by the trial court in refusing the jury demand on the day of trial in a nonjury week.

■ Testimony of officers and other individuals to prove a violation of the terms of the bonds was offered and there was no dispute as to the facts showing the use of the premises for prostitution.

Miller v. City of Abilene, Tex.Civ.App., 42 S.W.2d 842, er. dism.; Bryant v. State of Texas, 163 Tex.Cr.R. 463, 293 S.W.2d 646.

The defendants contend that the property had been sold to a former husband of Mrs. Webb and that she had no control of the premises. The proposed purchaser was a person, according to the testimony, with a long police record. No deeds had been executed and the utilities remained in the name of Mrs. Bryant (Webb).

There was testimony as to damage being done to the premises by thugs, and that an effort to sell was being made at under its market value, and of a sale to Dudley Bryant who was the only one who made an offer and paid $800 in cash and was to pay $15,800 more; that no written contract or deeds were executed; that Mrs. Bryant remarried and was out of the State for two weeks and as to the raid.

The defendant testified as to a divorce from Dudley Bryant in 1956, and of the oral sale of the property to Dudley Bryant; that it was necessary to have someone on the premises to prevent damage; that she read of the raid on the place on August 17, 1959 and returned to Austin on the 27th of August, 1959; that she did not of her own knowledge know of the use of the premises as a bawdy house after the sale to Bryant; that she knew that certain women who were named in the raid in August to be prostitutes.

The trial court heard the testimony and resolved the fact issues in favor of the State and we believe such finding is supported by the record.

We believe that the State made out a case showing violation of the terms of the bond and was justified in ordering a forfeiture.

Articles 4662, 4666 and 4667, V.A.C.S.

The judgment of the Trial Court is affirmed.

Affirmed.