## W. M. SMITH V. STATE

No. 32,268. October 26, 1960

Motion for Rehearing Overruled November 30, 1960

*Chas. H. Dean,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is keeping a bawdy house; the punishment, 20 days in jail and a fine of $200.00.

Policeman Scott testified that on the night in question he went to appellant's second story hotel in Plainview and asked for a room, that appellant asked him what kind of a room he wanted, and he replied that he wanted one with a girl, whereupon appellant took him to a room and told him to wait. He testified that a few minutes later a girl named Terry Alexander came to the room, and he placed her under arrest. It was further shown that said girl plead guilty to vagrancy by prostitution on the following day.

One J. L. Russ testified that he had lived at appellant's hotel for a time and that during such time he had observed Mexican men coming up the stairs to the hotel and asking appellant for dates with girls, that on one occasion appellant stated he had only one girl and one of the Mexicans had replied, "You don't think we all want to use the same girl, do you?" He stated that at other times appellant had as many as three girls at the hotel.

Mrs. Tony Vargas testified that she and her family came to Plainview, inquired about a place to stay, and were directed to appellant's hotel, where they secured a three-room apartment which they occupied for several months; that she observed men coming in and asking for women, and that they would be sent back to the room where two girls named Terry and Jackie lived.

Victor Vargas testified that he and his family lived at appellant's hotel for some time, that he knew the two girls named Terry and Jackie, who stayed at the hotel day and night, that men and boys would come to the hotel and go to their room, and that the girls were making money from such visits.

He testified further that appellant offered to pay him fifty cents for each man he brought to the hotel and that on one occasion he and appellant took Terry and another girl out to a bracero camp.

It was shown by the testimony of peace officers that appellant's hotel bore the reputation of being a bawdy house.

Appellant did not testify or offer any evidence in his own behalf.

We overrule appellant's contention that the evidence is insufficient to support the verdict and address ourselves to a discussion of the failure of the court to charge that Victor Vargas was an accomplice witness. The record does not reflect that Vic-

tor ever accepted appellant's offer of fifty cents to bring men to the hotel and such a showing would be necessary in order to make him an accomplice witness. As to the trip to the bracero camp, it was an entirely separate transaction from that for which appellant was being tried and would not make Victor an accomplice witness. Silba v. State, 161 Tex. Cr. Rep. 135, 275 S.W. 2d 108.

Appellant next contends that the court erred in failing to grant his requested charge which would have informed the jury that they must find appellant was keeping the house in a continuous and continuing manner. Such a charge is not required because the statute (Article 514, V.A.P.C.) provides that each day such a house is kept constitutes a separate offense. Reynolds v. State, 162 Tex. Cr. Rep 143, 276 S.W. 2d 279.

Finding no reversible error, the judgment of the trial court is affirmed.